Common Pleas Court of Trumbull County.

FEDERAL LAND BANK OF LOUISVILLE V. J. M. ROOSE ET AL.

Decided March 27, 1933.

*Paul E. Kightlinger,* for plaintiff.
*Smoyer, Kennedy, Smoyer & Vogel,* for defendants.

GRIFFITH, J.

On September 27, 1926, J. M. Roose, Frances Roose, Anna C. Sommers and Charles E. Sommers, executed, to the plaintiff, The Federal Land Bank of Louisville, Louisville, Kentucky, a promissory note, in the amount of $7,500, and a first mortgage on a 253 (two-hundred and fifty-three) acre farm, in Bristol township.

In the early part of 1927, Roose and others transferred the real estate to William C. Armstrong, by Warranty Deed, and Armstrong assumed, and agreed to pay the mortgage, and became a member of the Trumbull National Farm Loan Association, by the transfer of certain shares of stock to his own name.

On July 16, 1927, Armstrong, by Warranty Deed, conveyed the real estate to David C. Long.

This conveyance to Long made no exception to, or reference to the mortgage of the plaintiff.

On May 31, 1928, David Long conveyed, by Quit Claim Deed, the premises, to the defendants Harry C. Long and Naomi A. Long.

On the same date Naomi A. Long and Harry C. Long executed the following certificate:

"TO THE FEDERAL LAND BANK OF LOUISVILLE, Louisville, Ky.

THIS IS TO CERTIFY that I (or we), for the sum of $4000.00 and other valuable consideration 1 Mtg. Dollars, have purchased the entire tract of land which was mortgaged to you by J. M. Roose (by) Wm. Armstrong to secure a loan from you in the sum of Seventy-five Hundred ($7500) Dollars, and I (or we) have assumed the payment of said indebtedness and have purchased the original shares of stock held by the vendor in the Trumbull National Farm Loan Association, and have assumed all the liabilities of membership thereunder.

Dated at Akron, O., the 31st day of May, 1928.

Naomi A. Long                          Fairlawn, O.
   Signature of Purchaser                Permanent Address
Harry C. Long                          Fairlawn, O.
   Signature of Purchaser                Permanent Address
WITNESS: H. C. France

At the bottom of this notice, or certificate, is another certificate which provides as follows:

"I (or we) certify that the above statements are true, and I (or we) hereby confirm the sale and authorize the Secretary-Treasurer to legally transfer the original shares of stock to the purchaser or purchasers set out above.
                           William Armstrong,
                               Signature of Seller"

Below this certification is another, which provides as follows:

"THIS IS TO CERTIFY that H. C. Long having purchased the entire farm of Wm. Armstrong, on which there is a Mortgage or Trust Deed to The Federal Land Bank of Louisville in the sum of Seventy-five Hundred Dollars, and the stock interest thereof, the said H. C. Long has been elected to membership in the Trumbull National Farm Loan Association.

Dated at Warren, Ohio, the 6th day of April, 1929.
                           S. I. Pontius,
                               President"

On April 5, 1929, Harry C. Long gave a check to the Trumbull National Farm Loan Association for $10.00, for the transfer of stock and mortgage to the name of H. C. Long.

At the time of the trial, there was some obscurity in the mind of the court as to the relation of Armstrong to the Longs, but the evidence is clear that David Long conveyed the farm to Naomi A. Long and Harry C. Long by Quit Claim Deed, making no mention or reference to the mortgage; and the Court has concluded that complete and absolute title passed to the Longs, so that they were the absolute owners of the title, and the evidence is clear that the Longs knew of the existence and amount of the mortgage held by the plaintiff bank. Mr. and Mrs. Long made payments upon the mortgage between May 31, 1928, when they took title, and May 9, 1929, when they conveyed the title to the defendants Fred L. Blackshere and Elma M. Blackshere.

It appears that the certificate, or notice to the plaintiff bank, marked "Plaintiff's Exhibit C," although it bears date of May 31, 1928, was not delivered to the plaintiff bank until May 6, 1929, the day on which the Longs conveyed title to the farm to the Blacksheres.

From these facts two questions present themselves:

First: Did the defendants, Mr. and Mrs. Long, become personally liable upon the mortgage and note, apart from the assumption certificate which was delivered on May 6, 1929?

Second: Was the assumption certificate itself a binding legal obligation?

The deed to David Long imposed no obligation on him to pay this mortgage note, and he in no wise assumed it. The conveyance to Naomi Long, and Harry C. Long sets out no assumption on their part. In order to attach personal liability upon the part of the Longs, there must be words inserted in the deed as will clearly import that the grantees assumed the obligation of paying the debt; and any person who accepts a deed is not personally liable to pay the liens or mortgage notes against the real estate, unless he covenants to do so. Personal liability on the

part of the grantee is created only by that grantee distinctly assuming the payment of the debt. That is, an assumption agreement embodies all the necessary elements of a contract.

In the instant case no contract having been entered into in the recorded conveyances, no obligation arises by reason of the conveyances; nor by reason of the possession of the real estate by the defendants Longs, and the court finds no liability by contract either expressed or by implication, and disposes of this first claim of liability on the part of the defendants Mr. and Mrs. Long by holding them free from liability in case a deficiency judgment arises from the sale of this property.

The second question presenting itself in this case is this:

Was the assumption certificate itself a binding legal obligation?—

rendering Mr. and Mrs. Long personally liable for any deficiency judgment, should such a one arise by reason of their executing and delivering this assumption certificate?

Can the mortgagee maintain an action for personal judgment, against Mr. and Mrs. Long?

The defendants, Longs, purchased the property from David Long, who had acquired the same by deed, without assuming or agreeing to pay the mortgage of the plaintiff.

The certificate which the Longs signed, on May 31, 1928, certifies that they have purchased the land, and have assumed the payment of said indebtedness, and have assumed all the liabilities of membership in the National Loan Association. Does this certificate amount to a promise of assumption of the mortgage of the plaintiff bank?

Just what did the Longs do by executing and delivering this certificate to the plaintiff bank?

A personal liability on the part of the Longs to the plaintiff bank is created only by their distinct assumption of the debt. To create such a liability, there must be such words as clearly import that the Longs assumed the

obligation of paying off this mortgage. The Longs never delivered this certificate to the bank until the day they executed a deed of the farm to the Blacksheres.

There is nothing whatsoever in the evidence, nor in the instrument marked "Plaintiff's Exhibit C," to indicate that this notice, or certificate, was executed for the purpose of extension of the loan; or for the purpose of gaining membership in the Agriculture Loan Association; or for the purpose of the transfer of stock. In fact the evidence indicates that the mortgage was paid up in full at the time of the delivery of this certificate. There had been no default by anyone. There is a total absence of any valid consideration for this certificate, and this instrument is insufficient to create a personal liability on the part of Harry C. Long and Naomi A. Long.

The fact that the Longs made payments on the taxes, and on the mortgage, and possibly on the insurance premium, in no wise attaches to them any liability of assumption. The certificate stating "we have purchased the realty, and have assumed the payment of said indebtedness," was a certificate as to past events. They do not state in this certificate that they do assume the payment of this mortgage, that they do undertake to meet its obligation, nor that they do promise to pay the indebtedness. Recitals of past transactions do not create a binding promise.

I am unable to see where the Longs gained anything by signing and delivering this certificate to the plaintiff bank. I am unable to see where the plaintiff bank suffered any detriment by such a transaction.

For the reasons above set out, it is the opinion of this court that the written instrument, marked "Plaintiff's Exhibit C," is insufficient to create a personal liability on the part of Naomi A. Long and Harry C. Long; and that the plaintiff's petition should be dismissed, and by this order is dismissed, as to these two defendants, to which order exceptions are saved to all parties adversely effected by this decision.